10-3976-ag
Iqbal v. Holder

BIA
A090 671 531

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
        PIERRE N. LEVAL,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

ZAFAR IQBAL,
        *Petitioner,*

        v.                      10-3976-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Parker Waggaman, Woodside, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zafar Iqbal, a native and citizen of Pakistan, seeks review of the September 3, 2010, order of the BIA denying his motion to reopen. *In re Zafar Iqbal*, No. A090 671 531 (B.I.A. Sept. 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Iqbal's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Iqbal's 2010 motion was untimely, as the final administrative order was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of

2

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), or on an ineffective assistance of counsel claim, *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). However, Iqbal failed to demonstrate that his motion fell within either exception.

We decline to consider Iqbal's new ineffective assistance of counsel claim because he failed to exhaust that issue before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-24 (2d Cir. 2007); *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007). Moreover, contrary to Iqbal's argument, the BIA did not abuse its discretion by summarily concluding that Iqbal did not demonstrate materially changed conditions in Pakistan given that he did not assert that conditions had worsened and did not submit evidence regarding the treatment of gay men in Pakistan at the time he filed his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Furthermore, the BIA reasonably declined to consider Iqbal's factual claims based on his homosexuality as the agency had

3

already found those claims to be not credible. *See Kaur*, 413 F.3d at 234 (holding that BIA did not abuse its discretion in denying a motion to reopen when a grant of relief would still be precluded due to a prior adverse credibility determination).

Iqbal also contends that his eligibility to adjust his immigration status to that of a lawful permanent resident warranted reopening. However, an alien's eligibility to adjust his immigration status is not a recognized exception to the time limitation imposed on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Because Iqbal failed to demonstrate that his motion fell within an exception to the time limitation, the BIA did not abuse its discretion in denying his motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk